Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | Case No. **'20 CV 2387 BEN WVG**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes STEPHANIE SMITH ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.   Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Southern District of California.

### PARTIES

4.   Plaintiff is a consumer over 18 years of age.

5.   Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.   As reflected on its website, Defendant is a self-proclaimed debt collector.[1] Defendant is a corporation organized under the laws of the state of Kansas, with its principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9.   The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject consumer debt") said to be owed by Plaintiff.

10.   The subject debt stems from a personal credit card Plaintiff obtained from Credit One Bank, N.A. ("Credit One").

---

[1] https://www.midlandcreditonline.com/who-is-mcm/

11. Upon information and belief, after Plaintiff's purported default on the subject consumer debt, the subject debt was charged off by Credit One and eventually sold to Defendant for collection purposes.

12. On or about August 19, 2020, Defendant sent Plaintiff a dunning letter attempting to collect upon the subject consumer debt.

13. Defendant's August 19th collection letter was enclosed in an envelope that prominently displayed the words "**TIME SENSITIVE DOCUMENT"** on its exterior in bold font.

14. When Plaintiff observed the **TIME SENSITIVE** envelope, her attention was immediately drawn to the formatting of the words **TIME SENSITIVE DOCUMENT**.

15. Reading the words "**TIME SENSITIVE DOCUMENT**" caused Plaintiff to worry about the contents of the unknown letter, as Plaintiff was unsure as to what time sensitive matters of hers would be properly subject to communications via mail. Plaintiff immediately grew nervous and anxious to learn the contents of the letter.

16. As a result of the **TIME SENSITIVE** disclosure on the envelope, Plaintiff immediately opened the collection letter to determine what time sensitive information was contained within the letter.

17. Plaintiff was worried, anxious, and nervous to figure out what time sensitive information she was receiving from a completely unknown sender.

18. Upon information and belief, Defendant routinely sends collection letters inside of envelopes marked **TIME SENSITVE DOCUMENT** in an attempt to cause the unsophisticated consumers to open the envelopes, read the enclosed letter, and call Defendant about the debt.

19. Defendant has determined that it collects more money from consumers when it sends letters in **TIME SENSITVE** envelopes.

3

20.  The collection letter further states that Plaintiff was to call Defendant by September 18, 2020 in order to avoid any future legal action in regards to the subject consumer debt.

21.  At the end of the body of Defendant's collection letter, after the signature of "Tim Bolin, Division Manager," Defendant's collection letter states "We are not obligated to renew any offers provided."

22.  Defendant's statement was confusing and misleading to Plaintiff, as she was confused and misled as to what precise offers Defendant would purportedly not be obligated to renew.

23.  The collection letter makes no mention of any specific time sensitive "offer" that would have been available to Plaintiff that Defendant would subsequently have no obligation to renew.

24.  As such, Plaintiff was left wondering and guessing about what offer Defendant would have no obligation to renew given the lack of specificity as to the parameters of any offers purportedly provided.

25.  Defendant's use of the "safe harbor" language courts have approved when debt collectors offer time sensitive offers, in the context of the collection letter it sent to Plaintiff, impermissibly confused and misled Plaintiff as to the nature of extent of what offers would not have to be renewed by Defendant..

26.  In short, Defendant's collection letter impermissibly confused and misled Plaintiff about what offers would or would not be available to Plaintiff, as well as when or whether Plaintiff would be able to avail herself of whatever offer(s) Defendant was representing in its letter.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion and aggravation.

28. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

4

29. In an effort to address the confusion created by Defendant, Plaintiff lost time and resources going about addressing Respondent's conduct.

30. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped her reaction and course of conduct in response to Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of the FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

38. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENT**" printed on an

envelope containing a collection letter. The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by including it in clear violation of the FDCPA. Also, it was deceptive and misleading for Defendant to state that it was not obligated to renew any offers, when the collection letter made no offers at all. Defendant's attempt to use safe harbor language in a situation where it was completely inapplicable only served to mislead and confuse Plaintiff.  Defendant's actions only served to worry and confuse Plaintiff and were done in a deceptive and misleading attempt to compel Plaintiff to address the subject debt with Defendant.

39. Defendant further violated §§ 1692e and e(10) through its misleading and confusing statements in its collection letter. It was deceptive and misleading for Defendant to state that it was not obligated to renew any offers, when the collection letter made no offers at all. Defendant's attempt to use safe harbor language in a situation where it was completely inapplicable only served to mislead and confuse Plaintiff. Rather than clarify to Plaintiff the nature and contour of Defendant's "offers," Defendant's collection letter instead created impermissible confusion and gives rise to a number of different reasonable interpretations as to the nature of Defendant's collection efforts, at least one of which would be inaccurate.

**b.  Violations of the FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. In addition, this section enumerates specific violations, such as:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use her business name if such name does not indicate that she is in the debt collection business." 15 U.S.C. §1692f(8).

42. Defendant violated § 169f(8) when it unfairly attempted to collect upon the subject consumer debt. Any reasonable fact finder will conclude that Defendant's inclusion of "**TIME SENSITIVE DOCUMENT"** on the front of the envelope violates 15 U.S.C. § 1692f(8). As alleged, Plaintiff instantly opened Defendant's mail because it said "**TIME SENSITIVE DOCUMENT**" Upon information and belief, Defendant has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENT**" on envelopes. On information and belief, Defendant's research demonstrates that the least sophisticated consumer or the unsophisticated consumer is more likely to open letters sent in envelopes marked "**TIME SENSITIVE.**"

WHEREFORE, Plaintiff, STEPHANIE SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

45. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

46. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

47. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

48. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and f of the FDCPA. Defendant engaged in deceptive and unfair conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

49. Defendant willfully and knowingly violated the RFDCPA.  Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, STEPHANIE SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: December 8, 2020                    Respectfully submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.

2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*